IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MONTREZS DEJUAN LEWIS,     )
#07741-003,                )
    Petitioner,            )
                           )   Civil Action No. 17-00317-KD-N
                           )
v.                         )
                           )
CHARLES RATLEDGE,          )
    Respondent.            )

**REPORT AND RECOMMENDATION**

Petitioner Montrezs Dejuan Lewis ("Lewis"), a federal prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1,3). The Court has referred the petition to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.  *See* S.D. Ala. GenLR 72(b); (07/10/2017, 07/31/2017, and 10/02/2017 electronic references).

Having reviewed the petition, and the record in this case, in accordance with Rule 8(a) of the Rules Governing Section 2254 Cases, the undersigned finds that Petitioner's amended habeas petition (Doc. 3) is due to be **DISMISSED** for lack of jurisdiction.

1

## I. Discussion

On July 10, 2017, Lewis filed his initial habeas petition, which was superseding by the instant petition. (Docs. 1, 3). Petitioner identifies the grounds on which habeas relief is due as follows: (1) whether the State of Alabama Court of Appeals and Supreme Court erred when they ruled that Petitioner's appeal was untimely filed, (2) whether the State of Alabama erred under Code of Alabama § 20-2-93, when they forfeited Petitioner's vehicle. (Doc. 3 at 6-7).

Title 28 § 2254(a) states, in relevant part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added). However, Lewis is not in state custody, and has been in federal custody since 2007. Rather, Lewis is serving a life sentence in the custody of the federal Bureau of Prisons. (Doc. 3 at 1).[1] Thus, Lewis is not in state custody now, nor was he in state custody at the time his petition was filed. As the Eleventh Circuit has explained,

> Federal district courts entertain petitions for habeas relief filed by a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also id.* § 2241(c) (authorizing federal courts to grant habeas relief to a petitioner who is in custody illegally). A federal habeas petitioner must be " 'in

---

[1] In 2001, Lewis was convicted of violating 21 U.S.C. § 846 and was sentenced to 60 months in the custody of the Bureau of Prisons. (Doc. 26, 01-CR-0026-CB-M). In 2008, following a jury trial, Lewis was convicted of violating 21 U.S.C. § 846 (Count 1), 21 U.S.C. § 841(a)(1) (Count 2), and 18 U.S.C. § 1952(a)(2) and (3) (Counts 3-4). (Doc. 224, 08-CR-00266-KD-M). Lewis was sentenced to a term of life as to the § 846 conviction (Count 1), to be served in the custody of the Bureau of Prisons. (Doc. 224, 08-CR-00266-KD-M). Lewis was also sentenced to ten years as to Count 2, and five years each as to Counts 3 and 4. These terms were to run concurrently with Lewis' life sentence. (*Id.*)

custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (per curiam).

*Diaz v. State of Florida Fourth Judicial Circuit ex rel. Duval Cty.,* 683 F.3d 1261, 1263–64 (11th Cir. 2012). As Lewis is not in custody pursuant to the judgment of a state court, this Court lacks jurisdiction pursuant to § 2254.  *See also Diaz v. State of Florida Fourth Judicial Circuit ex rel. Duval Cty.,* 683 F.3d 1261, 1265-66 (11th Cir. 2012) ("Because Diaz's state sentence is fully expired and a grant of relief would not serve to accelerate his release from federal confinement, we find that at the time of filing he was not "in custody pursuant to the judgment of a State court" within the meaning of 28 U.S.C. § 2254(a).… …As a result of the full satisfaction of the state court judgment, Diaz has been transferred to the sole custody of the Federal Bureau of Prisons to serve the remainder of his sentence. He is thus no longer in custody pursuant to any judgment of a state court, and the district court properly dismissed the petition.").

Further, the Court cannot construe Lewis' action as a motion pursuant to 28 U.S.C. § 2255 as he has previously filed a § 2255 motion. (*See* Doc. 265, 07-CR-00266-KD-M). Without the Court of Appeals' authorization to file a second or successive § 2255 motion, the Court lacks jurisdiction to consider such a motion.[2] *See United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive

---

[2] The Court makes no finding pertaining to whether the relief sought is cognizable pursuant to § 2255 even if the motion were authorized. Lewis is not challenging a state or federal conviction. Rather he is challenging a state court forfeiture action.

petition."); Rule 9 of the Rules Governing § 2255 Habeas Cases ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."). Accordingly, the undersigned **RECOMMENDS** that Lewis' motion pursuant to 28 U.S.C. § 2254 be **DISMISSED** for lack of jurisdiction.

## II.  Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A).

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' "  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).  "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted).  However, "a COA does not require a showing that the appeal will succeed."  *Id.* at 337.  Where, as here, habeas relief is denied on procedural grounds without reaching the merits of the

underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the undersigned finds that Lewis should be **DENIED** a Certificate of Appealability as to the present habeas petition.  The Petitioner has not made a substantial showing of the denial of a constitutional right, and he has presented no constitutional claim for which "reasonable jurists would find [this] court's assessment…debatable or wrong." *Slack*, 529 U.S. at 484.  The undersigned further finds that reasonable jurists would not find it debatable whether the Court was correct in dismissing Lewis' petition for lack of jurisdiction.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v.*

*Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[3]

### III.  Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith.  It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien,* 216 F.3d 626, 631-32 (7th Cir. 2000).  In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

---

[3] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

As Petitioner is not in state custody as required under § 2254, the undersigned **RECOMMENDS** the Court certify that any appeal by Lewis in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*. [4]

## IV. CONCLUSION

In accordance with the foregoing analysis, it is **RECOMMENDED** that Lewis' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** for lack of jurisdiction, that final judgment be entered accordingly in favor of the Respondent, and that the Court find Lewis is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*.

In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved."), the Clerk of Court is **DIRECTED** to serve copies of Lewis' petition (Doc. 3) and this Report and Recommendation on the Respondent.

## V.    NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or

---

[4] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

> **DONE** this the **19th** day of **October 2017**.

> > */s/ Katherine P. Nelson*
> > **KATHERINE P. NELSON**
> > **UNITED STATES MAGISTRATE JUDGE**

8